Ozgun Tumer (SBN 295791)
law@tumersharif.com
Tumer & Sharif
170 E. 17th Street, Suite 208
Costa Mesa, CA 92627
Tel: (949) 287-6901
Fax: (844) 272-0950
Attorneys for Defendant
GEK Capital, LLC

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ANTHONY BOUYER,** an individual, <br><br> Plaintiff, <br><br> v. <br><br> **GEK CAPITAL, LLC,** a California Limited Liability Company**;** and Does 1-10, inclusive, <br><br> Defendants. | Case No. 2:20-cv-06404-VAP-MRW <br><br> ANSWER TO PLAINTIFF'S COMPLAINT |

ANSWER

Defendant GEK Capital, LLC, by their attorney, for their Answer to Plaintiff's Complaint states:

1. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 1, and thus denies the allegations.
2. Defendant admits the allegations in Paragraph 2.
3. Defendant admits the allegations in Paragraph 3.
4. Defendant denies the allegations in Paragraph 4.
5. Defendant denies the allegations in Paragraph 5, as all barriers alleged in the Complaint have already been repaired, so that injunctive relief is no longer available and there is no case or controversy that provides jurisdiction for this Court.
6. Defendant denies the allegations in Paragraph 6, because there is no federal jurisdiction on which to connect the supplemental jurisdiction.
7. Defendant admits that venue is proper, but deny any other factual allegations in Paragraph 7.
8. Defendant denies the allegations in Paragraph 8.
9. Defendant denies the allegations in Paragraph 9.
10. Defendant admits the allegations in Paragraph 10.
11. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 11, and thus denies the allegations.
12. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 12, and thus denies the allegations.
13. Defendant denies the allegations in Paragraph 13.
14. Defendant denies the allegations in Paragraph 14.
15. Defendant denies the allegations in Paragraph 15.

16. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 16, and thus denies the allegations.
17. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 17, and thus denies the allegations.
18. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 18, and thus denies the allegations.
19. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 19, and thus denies the allegations.
20. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 20, and thus denies the allegations.
21. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 21, and thus denies the allegations.
22. Defendant denies the allegations in Paragraph 22.
23. Paragraph 23 contains legal conclusions, to which no response is required. To the extent Paragraph 23 contains any further factual allegations, Defendant denies them.
24. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 24, and thus denies the allegations.
25. Defendant denies the allegations in Paragraph 25.
26. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 26, and thus denies the allegations.
27. Paragraph 27 is an incorporation by reference. Defendant hereby incorporates by this reference the previously stated responses to Paragraphs 1-26.

28. Paragraph 28 contains legal conclusions, to which no response is required. To the extent Paragraph 28 contains any further factual allegations, Defendant denies them.

29. Paragraph 29 contains legal conclusions, to which no response is required. To the extent Paragraph 29 contains any further factual allegations, Defendant denies them.

30. Paragraph 30 contains legal conclusions, to which no response is required. To the extent Paragraph 30 contains any further factual allegations, Defendant denies them.

31. Paragraph 31 contains legal conclusions, to which no response is required. To the extent Paragraph 31 contains any further factual allegations, Defendant denies them.

32. Defendant lacks sufficient information to admit or deny the allegations in Paragraph 32, and thus denies the allegations.

33. Paragraph 33 is an incorporation by reference. Defendant hereby incorporates by this reference the previously stated responses to Paragraphs 1-32.

34. Paragraph 34 contains legal conclusions, to which no response is required. To the extent Paragraph 34 contains any further factual allegations, Defendant denies them.

35. Paragraph 35 contains legal conclusions, to which no response is required. To the extent Paragraph 35 contains any further factual allegations, Defendant denies them.

36. Paragraph 36 contains legal conclusions, to which no response is required. To the extent Paragraph 36 contains any further factual allegations, Defendant denies them.

37. Defendant further denies that Plaintiff is entitled to any relief prayed for under the heading "Prayer."

## DEFENDANT'S AFFIRMATIVE DEFENSES TO THE COMPLAINT

By setting forth these affirmative defenses, Defendant does not assume the burden of proving any fact, issue, or element of a claim for relief where such burden properly belongs to Plaintiff. Moreover, nothing stated herein is intended to be construed as an acknowledgement that any particular issue or subject matter is relevant to Plaintiff's allegations. Nor shall anything stated or unstated constitute an admission of any kind.

### FIRST AFFIRMATIVE DEFENSE
(**Consent**)

Plaintiff's claims are barred because Plaintiff consented to fully and equally access Defendant's business despite any alleged barriers.

### SECOND AFFIRMATIVE DEFENSE
(**Not Willful and/or Knowing**)

Plaintiff's claims are barred because Defendant did not engage in willful and/or knowing misconduct.

## THIRD AFFIRMATIVE DEFENSE

### (**Lack of Standing**)

Plaintiff lacks standing to assert the claims alleged in the Complaint because he did not personally encounter a barrier and lacks the requisite concrete intent to return or otherwise fails to establish the requirements for Article III standing for his causes of action.

## FOURTH AFFIRMATIVE DEFENSE

### (**Good Faith Belief and Conduct**)

The acts and statements of Defendant were fair and reasonable and were performed in good faith based on all the relevant facts known to Defendant. Defendant acted with a good faith belief that she had good cause and/or a legitimate business reason to act as she did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights. As a consequence, Plaintiff is not entitled to any damages whatsoever.

## FIFTH AFFIRMATIVE DEFENSE

### (**Mootness**)

The property that is the subject of this suit has already been repaired to be fully and equally accessible to the disabled. It is currently fully compliant with all applicable accessibility standards. Therefore, the Court cannot order injunctive relief against these defendants. Since this court cannot order injunctive relief in this case, Plaintiff's claims are moot and this suit should be dismissed in its entirety pursuant to *Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 905 (9th Cir. 2011) and *Hubbard v. 7-Eleven, Inc.*, 433

F. Supp. 2d 1134, 1145 (S.D. Cal. 2006).

### SIXTH AFFIRMATIVE DEFENSE
### (**Waiver**)

Plaintiff's claims are barred in part or in whole by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE
### (**Unclean Hands**)

Plaintiff's claims are barred in part or in whole by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE
### **(Not Readily Achievable)**

Some or all of the defects or barriers alleged by Plaintiff are not readily achievable to remove or cure per 42 U.S.C. §12182(b)(2)(A)(iv) and equivalent accommodations have been made for those barriers.

### NINTH AFFIRMATIVE DEFENSE
### (**Lack of Subject Matter Jurisdiction**)

The subject property suit has already been repaired to be fully and equally accessible to the disabled. It is currently fully compliant with all applicable accessibility standards. Therefore, the injury to the plaintiff is not capable of repetition and there is no case or controversy as required for Article III subject matter jurisdiction over this case by this Court.

## TENTH AFFIRMATIVE DEFENSE

(**Reservation of Other Affirmative Defenses**)

Defendant lacks sufficient information of all the facts and evidence surrounding the subject incident(s) and are therefore unable to ascertain at this time any additional affirmative defenses which they may have. Therefore, Defendant expressly reserves the right to amend this Answer to assert such other affirmative defenses as may become apparent subsequent to the filing of this Answer, whether in discovery, at trial, or otherwise.

## CROSSCLAIMS AND THIRD-PARTY COMPLAINTS

Because the Complaint only alleges conclusions of fact and law, Defendant presently have insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated, crossclaims against co-parties and claims against third parties. Defendant reserves the right to assert crossclaims against other defendants and/or a third-party complaint against unnamed third parties in the event discovery or further investigation indicate that asserting these claims would be warranted.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, Defendant respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint with prejudice as to Defendant.
2. Order that Plaintiff take nothing by reason of Plaintiff's Complaint, and that Plaintiff is entitled to no relief, and that judgment be rendered in favor of Defendant.

3. Award Defendant its costs and expenses incurred in connection with this action; and

4. Grant Defendant such other relief as the Court deems proper.

Dated: September 21, 2020

_____
Ozgun Tumer
Tumer & Sharif
170 E 17th St. Ste 208
Costa Mesa, CA 92627
949-287-6901
law@tumersharif.com
Attorneys for Defendants